(No. 1885—

ALICE BIXLER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 23, 1933.*

JEROME R. FINKLE, for claimant.

OTTO KERNER, Attorney General; CARL I. DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE VAUSE delivered the opinion of the court:

This is a claim for the allowance of compensation for an injury received by the claimant while operating an electric power driven food cutting machine containing rotary knives. She was injured on July 6, 1931, while employed as an attendant at the Alton State Hospital, Alton, Illinois, an institution operated by the State of Illinois through its Department of Public Welfare.

The Attorney General has made a motion to dismiss this case because no claim for compensation was made within six (6) months from the date of the alleged accident and injury. The claimant filed a verified declaration in this court on March 4, 1932 in which it is alleged that the accident from which the injury resulted, happened on the 6th day of July, 1931. It is further alleged on page 2 of the declaration as follows:

"Your petitioner further represents to the Court that she has never pre-sented this claim to any State Department, or State Officer of the State of Illinois, or to any person, corporation, or tribunal, of any kind or character,

and that she has not, nor has any person for her received any payment on account of such claim, and there are no other persons who have any interest in said claim.

"Your petitioner further avers that she is damaged in the sum of One Thousand ($1,000.00) Dollars on account of the injury received by her herein set forth, and therefore she brings this suit, etc."

In the case of *City of Rochelle* vs. *Industrial Com.*, 332 Ill. 386 on page 391, it is said:

"Cahill's Stat. 1925, p. 1190; Smith's Stat. 1925, p. 1292; provides that no proceedings for compensation under the Act shall be maintained unless claim for compensation has been made within six months after the accident. The making of a claim for compensation is *jurisdictional* and a *condition precedent* to the right to maintain a proceeding under the Compensation Act."

We are not justified, in deciding cases in this court, in overruling decisions of the Supreme Court on the ground of social justice and equity of any other pretext.

Accordingly the demurrer of the Attorney General is sustained, the claim is denied and the suit is dismissed.